SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SHAVON MOULTRIE,

                       Plaintiff,

                       13-cv-5138 (NSR)

            -against-

                       OPINION & ORDER

NYS DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION,

                       Defendant.

-----------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      Shavon Moultrie ("Plaintiff") brings this action against the New York State Department of Corrections and Community Supervision ("Defendant") for alleged gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and New York State Executive Law § 296(1)(a). Defendant moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is GRANTED.

## STANDARD ON A MOTION TO DISMISS

      To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In applying this standard, a court should accept as true all well-pleaded factual allegations, but should not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.*

## FACTUAL BACKGROUND

Defendant hired Plaintiff on September 28, 2009 as a Correctional Officer Trainee at Defendant's Sing Sing Correctional Facility ("Sing Sing").  (First Am. Compl. ¶ 13, ECF No. 16.)  Defendant's hiring policy subjects all new hires to a one-year probationary period.  (*Id.* ¶ 14.)  Plaintiff allegedly received positive employee evaluations during the first five months of her probationary period prior to the events leading to her termination.  (*Id.* ¶¶ 8, 16.)

Defendant's Employee Manual states, "No employee shall enter any correctional facility with a cellular phone, wireless phone, pager, laptop computer, personal digital assistant, any device with global positioning capabilities, any device with audio recording capabilities, radio, camera, or other similar electronic device" ("Section 6.28").  (*Id.* ¶ 24.)  On March 2, 2010, Correctional Officer ("CO") Emely Torres allegedly found a SIM card[1] in the COs' office at Sing Sing, which allegedly falls within Section 6.28.[2]  (*Id.* ¶ 52.)  As part of the investigation into the contraband, Defendant allegedly requested memoranda from all COs assigned to the unit where the SIM card was discovered.  (*Id.* ¶ 55.)  Plaintiff submitted a memorandum accounting for her whereabouts and stating that she did not see a SIM card or any other contraband in the COs' office.  (*Id.*)  Later that day, Plaintiff submitted a supplemental memorandum admitting that she had recently changed the SIM card in her cell phone.  (*Id.* ¶ 56.)  Plaintiff then spoke with her superior officer, claimed that she was certain she had discarded her old SIM card, but

---

[1] A SIM card is a microchip that stores personal information including contact numbers for use in a cell phone. (First Am. Compl. ¶ 26.)
[2] Plaintiff concedes that bringing a SIM card into a prison facility violates Section 6.28. (*See* First Am. Compl. ¶ 90.)

admitted that there was a slight chance that she had unintentionally brought the SIM card into the facility.  (*Id.* ¶¶ 57-59.)

Defendant had the SIM card analyzed and cross checked the contact numbers against Plaintiff's personnel file and the facility's list of inmate phone calls.  (*Id.* ¶¶ 61-64.)  Ultimately, Defendant determined that the SIM card belonged to Plaintiff and discovered that some of Plaintiff's contacts stored on the SIM card were "inmate contact numbers"—i.e., phone numbers that inmates had received calls from or had themselves called.  (*Id.* ¶¶ 65-75.)  Defendant questioned Plaintiff about her contacts and connections with inmates, and Plaintiff denied contacting inmates or knowingly storing numbers on her phone that were linked to inmates.  (*Id.*)

Defendant placed Plaintiff on administrative leave on May 28, 2010 and terminated her on June 4, 2010.  (*Id*. ¶¶ 77-78.)  Plaintiff sought and obtained internal review of the termination.  (*Id.* ¶¶ 80-81.)  At her meeting with human resources, Plaintiff allegedly presented evidence that she had not placed any calls to inmate contacts since her date of hire.  (*Id.* ¶ 81.)  Nevertheless, Defendant affirmed the termination.  (*Id*. ¶ 82.)  Plaintiff claims that her termination was motivated by gender because male employees who engaged in purportedly similar conduct received more favorable treatment.  (*Id.*)

Defendant moves to dismiss arguing that Plaintiff fails to make out a Title VII claim and that her state claims are barred by the election of remedies doctrine and the Eleventh Amendment.

## DISCUSSION

To establish a prima facie case of discrimination, a plaintiff must establish that: (1) she belongs to a protected class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under

circumstances giving rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Although Plaintiff need not plead the elements of a prima facie case to survive a motion to dismiss, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), these elements provide guidance, *see Kurian v. Forest Hills Hosp.*, 962 F. Supp. 2d 460, 469 (E.D.N.Y. 2013). "[T]here are no heightened pleading standards for employment discrimination claims." *Algarin v. City of New York*, No. 12 CIV. 1264 LTS, 2012 WL 4814988, at *2 (S.D.N.Y. Oct. 10, 2012). However, the claim must be "facially plausible" and give "fair notice . . . of the basis for the claim." *Albin v. LVMH Moet Louis Vuitton, Inc.*, 13-cv-4356 JPO, 2014 WL 3585492 (S.D.N.Y. July 8, 2014). To survive a motion to dismiss, plaintiff must "set forth factual circumstances from which discriminatory motivation can be inferred, which may include facts suggesting preferential treatment given to similarly situated individuals, or remarks that convey discriminatory animus." *Algarin*, 2012 WL 4814988, at *2 (internal quotation marks omitted).

Defendant assumes, for purposes of this motion, that Plaintiff has adequately alleged the first three elements. Defendant only disputes Plaintiff's claim that the circumstances of her termination raise an inference of discrimination. For the following reasons, the Court agrees.[3]

A plaintiff attempting to raise an inference of discrimination through comparator employees must show that those employees are "similarly situated in all material respects," meaning that they (1) "were subject to the same workplace standards" and (2) engaged in conduct "of comparable seriousness." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir.

---

[3] Defendant asks the Court to apply the same-actor inference, and argues that the inference should be strong in this case because of the short time period between hiring and firing. *Cf. Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 137 (2d Cir. 2000). However, there are no allegations in the Complaint establishing that the same person made the hiring and firing decisions with respect to Plaintiff. Nevertheless, Plaintiff fails to raise an inference of discrimination even without having to combat the same-actor inference.

2000). "The standard requires 'a reasonably close resemblance of facts and circumstances' and there must be an objectively identifiable basis for comparability." *Risco v. McHugh*, 868 F. Supp. 2d 75, 100 (S.D.N.Y. 2012). Less severe punishment for objectively less serious or qualitatively different misconduct does not raise an inference of discrimination. *E.g., Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 568 (2d Cir. 2000) (holding proposed comparators were not similarly situated where plaintiff had a physical fight and comparators engaged in verbal altercations), *superseded on other grounds by* N.Y.C. Local Law No. 85 (2005); *Albury v. J.P. Morgan Chase*, No. 03 CIV. 2007 HBP, 2005 WL 746440, at *10 (S.D.N.Y. Mar. 31, 2005) (holding a proposed comparator was not similarly situated where plaintiff was fired for sexual harassment and comparator was fired for "accessing confidential account information").

Plaintiff proposes eight male comparators, all of whom were Corrections Officer Trainees at various facilities within the ambit of the New York State Department of Corrections. Ignoring, for sake of argument, that none of the comparators allegedly shared the same supervisors as Plaintiff and, in fact, most worked at different facilities, *see Akinyemi v. Chertoff*, No. 07 CIV. 4048 (AJP), 2008 WL 1849002, at *5 (S.D.N.Y. Apr. 25, 2008) ("Whether or not a plaintiff reports to the same supervisor as her comparator is an important factor in finding that plaintiff and the comparator are similarly situated."), Plaintiff has not alleged that any of the proposed comparators engaged in misconduct of comparable seriousness. Importantly, Plaintiff was fired not only for the unintentional act of bringing a SIM card into the Sing Sing facility. Plaintiff's allegations make clear that Defendant terminated her additionally because (1) her contacts included inmate contact numbers and (2) she was not completely forthcoming during the investigation, denying that the SIM card was hers in her initial memorandum and claiming that she was certain she threw out her old SIM card.

5

One proposed comparator, Officer Darby, allegedly brought his cell phone into the Sing Sing lobby.  (First Am. Compl. ¶ 43.)  His infraction was unintentional, like Plaintiff's, but there is no suggestion that he was evasive or that his phone had any inmate-related information on it (or any other aggravating factor).  (*Id.*)  Moreover, he brought his cell phone no further than the lobby, where no inmates could gain access to it.  (*Id.*)  Accepting Plaintiff's allegations as true, Darby's infraction was demonstrably less serious than Plaintiff's infraction.  Therefore, the fact that Darby was not disciplined or terminated raises no inference of discrimination.

Another proposed comparator who worked at Green Haven Correctional Facility, Officer Givens, also allegedly brought his cell phone into the facility.  (*Id.* ¶¶ 27-37.)  Givens' conduct, however, was demonstrably less serious than Plaintiff's because he immediately reported his mistake to his supervisors.  (*Id.* ¶ 31.)  There is, moreover, no suggestion that his cell phone had any inmate-related information on it, or that there were any other aggravating factors.  (*Id.* ¶¶ 27-37.)  Therefore, the fact that he was placed on administrative leave and given formal counseling (a form of discipline less than termination) raises no inference of discrimination. (*Id.*)

The same must be said for Plaintiff's six other proposed comparators.  Each of the comparators engaged in conduct that is either demonstrably less serious, qualitatively different, or too vague to meet the pleading standard to raise an inference of discrimination:

- Plaintiff proposes one comparator who was "arrested and criminally charged" but provides no details about his conduct.  (*Id.* ¶ 44.)

- Plaintiff proposes two comparators who allegedly fired their service weapons into a wall post causing "property damage."  (*Id.* ¶¶ 45-46.)  These incidents do not bear a "reasonably close resemblance" to Plaintiff's infraction.  The discharge of a weapon

6

is qualitatively different than bringing a SIM card with inmate contact numbers into a prison facility.  It raises completely different concerns—for example, prison security versus property damage and physical safety.  Furthermore, the Complaint lacks any detail about the incidents to support that they were comparably serious.

- Plaintiff proposes one comparator who lost a set of handcuffs, an infraction demonstrably less serious than Plaintiff's conduct.  (*Id.* ¶ 47.)

- Plaintiff proposes one comparator who failed to report an accidental firing of a "gas gun."  (*Id.* ¶ 48.)  A failure-to-report infraction does not bear a "reasonably close resemblance" to Plaintiff's infraction.  And even if the infractions were not qualitatively different, a failure to report is, by any measure, less serious than Plaintiff's infraction.  The Complaint supplies no details about the incident that warrant a conclusion that the infraction was comparably serious.

- Plaintiff proposes one comparator who was "sleeping in an outside hospital" but provides no details to suggest that this infraction was serious at all.  (*Id.* ¶ 49.)

Accordingly, the fact that these male employees were treated more favorably raises no inference that gender played a role in Plaintiff's termination.  Nor does Plaintiff allege any other facts that raise an inference of discrimination.  This is fatal to Plaintiff's Title VII claims whether styled as discriminatory discharge, failure to promote, or denial of terms and conditions of employment.  Therefore, Plaintiff's Title VII claims are DISMISSED.

Having dismissed Plaintiff's sole federal claim at this early stage of the litigation, the Court declines to exercise jurisdiction over any pendent state claims.  *Chenensky v. N.Y. Life Ins. Co.*, 942 F. Supp. 2d 388, 396 (S.D.N.Y. 2013), *appeal withdrawn* (Aug. 16, 2013).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 20 and to close this case.

Dated: May 7, 2015
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge